UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO MATOS MARTINEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-07790-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On September 23, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 7.) On September 25, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that in the event respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 28, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents do not object to the court ruling on the merits of the *habeas* petition. (*Id.*) Respondents further concede that this case is not substantively distinguishable from the cases cited in the court's September 25, 2026 (Doc. No. 5). (Doc. No. 6 at 1.) Still, respondents argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1225(b) or § 1226(a). (*Id.* at 2–3.)

According to the documents submitted by respondents in support of their opposition, petitioner was paroled into the United States on January 21, 2024. (*Id.* at 7.) Petitioner was re-detained on March 18, 2025, pursuant to an administrative warrant. (*Id.* at 7, 23, 26.) It does not appear that petitioner was provided written notice of the reasons form his parole being revoked, nor has he been provided an opportunity to respond to any such reasons.

In light of respondents' concession that this case is not distinguishable from those cited in the court's September 25, 2026 order, and respondents' concession that petitioner was previously paroled into the United States, the court incorporates and adopts its prior reasoning in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025, where the court found that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release. Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Leonardo Matos Martinez, A-File No. 244-362-567, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on March 18, 2025;

/////

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **September 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE